Shavougue A. Mason
Kern Valley State Prison
P.O. Box 5101
Delano, Ca  93216
In Pro Per

**FILED**

MAY 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Shavougue A. Mason,
      Petitioner,

v.

A. Hedgpeth, Warden,
      Respondent.

NO. C07-04594  SBA (PR)

TRAVERSE

    Petitioner Shavougue A. Mason, provides by way of Traverse to Respon-
dent's Answer, why the petition for Eventiary Hearing and Writ of Habeas Cor-
pus should be granted, alleges as follows:

CUSTODY

    Petitioner admits that he is in the custody of A. Hedgpeth, Warden at
Kern Valley State Prison in Delano, California.  However, Petitioner contend's
that his custody is "Unlawful" for the reasons set forth herein and in the
Petition for Writ of Habeas Corpus and supporting exhibits.

General and Specific Contentions

    Petitio ner contends that the State Court's ruling was contrary to, and
involved an unreasonable application of clearly established federal law, as

-1-

1  determined by the United States Supreme Court, or was based on an unreasonable

2  determination of the facts in light of the evidence presented in the State

3  Court proceedings.  Petitioner specifically contends he was denied his fed-

4  eral right  to due process because the jury was instructed  with an unconsti-

5  tutional mandatory presumption, because there was insufficient evidence to

6  support the implied malice, murder convictions, and because the trial court

7  admitted prejudical evidence of uncharged offenses irrelevant to the issue of

8  the requiste subjective knowledge element of implied malice murder, and that

9  petitioner was denied effective assistance of Counsel.

10                          Procedural issues
              Agreed to being exhausted in State Court and timely
11                          As in the Answer.

12                          Lodged Document's

13     Petitioner hereby incorporates by reference the accompanying memorandum

14  of points and authorites in support of this Traverse.

15                          Conclusion

16     Wherefore petitioner respectfully submits that the petition for habeas

17  corpus, including but not limited to an evidentiary hearing, should be granted

18  for the reasons set forth in the petitio n for habeas corpus and in the points

19  and authorities in support of the Traverse.

20

21  Dated: 5-18-08

22

23                                        Respectfully Submitted,

24

25

26                                        Shayougue A  Mason
                                              Petitioner.
27

28

                                        -2-

Shavougue A. Mason
V-80244
Kern Valley State Prison
P O. Box 5101
Delano, Ca  93216

In Pro Per

POSTED

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SHAVOUGUE A  MASON,
                PeTITIONER                              C07-04594   SBA  (PT)

            v.


A. HEDGPETH, Warden,
            Respondent.


MEMORDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRAVERSE

TABLE OF AUTHORITIES

Page

Jamal v. Van de Camp (1991)................................................ 12
926 F. 2d 918 (9th Cir.)

Juan H. Allen (9th Cir. 2005)
408 F. 3d 1262, 1275 .......................................................... 10

Bruton v. United States (1968)
391 U.S. 123 ..................................................................... 12

Carella v. California (1989)
491 U.S. 263 ....................................................................... 3

Estelle v. McGuire (1991)
502 U.S. 62 ....................................................................... 13

Old Chief v. United Stated (1997)
519 U.S. 172, 180-181 ........................................................ 16

Francis v. Franklin (1985)
471 U.S. 307, fn.2. ............................................................... 3

Gray v. Linn (5th Cir. 1993)
6 F 3d 265 ......................................................................... 17

In re Winship (1970)
397 U.S. 358 ..................................................................... 3,5

Jackson v. Virginia (1979)
443 U.S. 307 ....................................................................... 6

Kubat v. Thieret (7th Cir. 1989)
867 F 2d. 351 ..................................................................... 18

McLinney v. Reese (9 Cir. 1989)
993 F. 2d 1378 ................................................................... 12

People v. Bassett , supra
69 Cal. 2d 122, 70 Cal. Rptr. 193, 443, p. 2d 777, ................... 6

People v. Brogna, supra
202 Cal. App. 3d at 709 ........................................................ 8

People v. Anderson (1968
70 Cal. 2d 15, 32 ................................................................. 7

People v. Harvey (1984)
163 Cal. App. 3d 90, 104 ...................................................... 14

Williams v. Stewart (9th Cir. 2006)
441 F. 3d 1030, 1040 ........................................................... 14

People v. Bouzos, (1991
53 Cal. 3d 467, 480 ....................................    15

People v. Balcom, (1994)
7 Cal. 4th 414, 424 ....................................    14

People v. Avery
37 Cal. App. 4th 351 ...................................    7,9

People v. E wolf, (1994)
7 Cal. 4th 380 ........................................    13,14

People v. Garcia, (1995)
41 Cal App. 4th 1832, 1850 ...........................    11

People v. Ortiz, (2003)
109 Cal. App. 4th 109, 111-112 .....................10,11,13

People v. Contreras, (1994)
26 Cal. App. 4th ??? ...................................    9

People v. Bassett, (1968)
69 Cal 2d 122, 138-139 ................................    6

People v. Johnson,
26 Cal. 3d 557 (1980) ................................    6,7

People v. Mc Carnes, (1986)
179 Cal. App. 3d 525 .................................    11

People v. Talaman, (1992)
11 Cal. App. 4th 968 ................................    7,9

Williams v. Taylor, (2000)
529 U S. 362, 413 ...................................    2

Strickland v. Washington. (1984)
466 U S. 688. 686 ..................................    18

People v. Zam brano, (2004)
124 Cal. App. 4th 228, 293 .........................    16

People v. Thompson, (1980)
27 Cal 3d 303 ......................................    11,

People v. Vanegas, (2004)
115 Cal. App. 4th 592 ..............................    3,10

People v. Watson, (1981)
30 Cal. 3d 290 .....................................    5,7,8

Sandstrom v. Montana, (1979)
442 U S. 510 ......................................,    6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Shackleford v. Hubbard, (9th Cir. 2000)
234 F. 3d 1072, 1078-79 ................................  3

Sims v. Brown, (9th Cir(2005)
425 F. 3d 560, 571 ...................................  3

Sullivan v. Louisiana, (1993)
508 U.S. 275 .........................................  4

Taylor v. Maddox, (9th Cir  2004)
366 F. 3d 992, 1001 ..................................  2

United States v. Myers, (7th Cir. 1990)
892 F. 2d 642 .......................................  17

United States v. Moccia, (1st Cir. 1982)
681 F. 2d 61, 63 ....................................  17

United States v. McCormac, (9th Cir. 2002)
309 F. 3d 623, 626 ..................................  15

Yarborough v. Gentry, (2003)
540 U.S. 1 ..........................................  17

Yates v. Evatt, (1991)
500 U.S. 391 ........................................  4

Constitutional Provisions

Amend. VI and XIV
Due Process Clause


Statues

California Penal Code

187,
191.5 (A)
192 (c) (1)

United States Code, Title 28
2254 (d) (1)

California Rules Of Court

rule 8.300 (A)

Vehicle Code,

12022.7 (A)
20001 )c)
23153 (A)
21153 (b)

Other Authorities

Antiterrorism and Effective Death Penalty Act of 1996.

TABLE OF CONTENTS

Page

STATEMENT OF CASE

STATEMENT OF FACTS

ARGUMENT

   I.   STANDARD OF REVIEW        1-2

   II.  THE INSTRUCTION REGARDING THE BASIC SPEED LAW WHICH CREATED AN IMPERMISSIBLE MANDATORY PRESUMPTION ALLOWED THE JURY TO PRESUME AN ESSENTIAL ELEMENT OF MURDER. THE STANDARD FOR FINDING HARMLESS ERROR IS WHETHER NO RATIONAL JURY COULD FIND THE PRESUMED FACT (SPEEDING) WITHOUT ALSO FINDING THE ULTIMATE FACT (IMPLIED MALICE). THE INSTRUCTION HAD A SUBSTANTIAL AND INJURIOUS EFFECT ON THE VERDICT.   2-5

   III. THE STATE COURT'S DETERMINATION THAT SUFFICIENT EVIDENCE SUPPORTES THE JURY'S FINDING OF IMPLIED MALICE WAS AN UNREASONABLE APPLICATION OF SUPREME COURT AUTHORITY.   5-10

   IV.  ADMISSION OF EVIDENCE OF PETITIONER'S EXPERIENCE WITH A DEADLY TRAFFIC ACCIDENT AND DRIVING HISTORY DID VIOLATE HIS RIGHT TO DUE PROCESS AND PREJUDICED THE JURY.   10-15

   V    PETITIONER WAS PREJUDICED BY COUNSEL'S FAILURE TO REQUEST A LIMITING INSTRUCTION REGARDING THE UNCHARGED INCIDENT. (THE BLANCO ROAD EVIDENCE). THIS WAS AN UNREASONABLE APPLICATION OF SUPREME COURT AUTHORITY AND INEFFECTIVE ASSISTANCE OF COUNSEL.   15-18

Shavougue A. Mason
No. V-80244
Kern Valley State Prison
P.O. Box 5101
Delano, Ca  93216
In Pro Per

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Shavougue A Mason,<br>      Petitioner<br><br><br>      v<br><br><br>A. Hedgpeth, Warden,<br>      Respondent. | NO. CO7=04594  SBA  (PR)<br><br>POINTS AND AUTHORITIES<br>IN SUPPORT OF TRAVERSE |

Statement of The Case

Petitioner agrees with Respondent's Statement Of The Case.
Ex. 14

Statement of The Facts

Petitioner agrees with Respondent's Statement of The Facts.
Ex. 12 at 2-4 and Ex. 12 at 5-4.

ARGUMENT

I

STANDARD OF REVIEW

Federal habeas corpus review of a state judgment is governed
by the Antiterrorism and Effective Death Penalty Act of 1996 (AED-

-1-

1  PA).  Under the AEDPA, the federal court has the authority to grant habeas re-

2  lief when the state court's ruling was "Contrary" to or involved an unreasonable

3  application," of clearly established Supreme Court precedent.  28 U.S.C. §2254

4  (d) (2).  The state court's decision to the following arguments are "Contrary"

5  to the conclusion reached by the Supreme Court on questions of law, or they

6  reached a different conclusion based on facts materially indiguishable from a

7  Supreme Court case.  Williams v. Taylor, 529 U S. 362, 413 (2000)

8      State Court's decision constitutes an "Unreasonable Application" of

9  Supreme Court precedent if the state court identifies the correct governing

10  principle, but the application of law to the facts is not merely erroneous but

11  objectively unreasonable.  Id. at 411-13.  As the following arguments will show,

12  habeas relief and evidentary hearing should be granted due to the fact the state

13  court's fact finding procedure is deemed "Unreasonable", which means that the

14  state's factual findings are not binding on habeas corpua.  (See Taylor v

15  Maddox, 366 F 3d 992, 1001 (9th Cir. 2001).

16                                II

17        THE INSTRUCTION REGARDING THE BASIC SPEED LAW, WHICH
18        CREATED AN IMPERMISSIBLE MANDATORY PRESUMPTION ALLOWED
          THE JURY TO PRESUME AN ESSENTIAL ELEMENT OF MURDER    THE
19        STANDARD FOR FINDING HARMLESS ERROR IS WHETHER NO RATION-
          AL JURY COULD FIND THE PRESUMED FACT (SPEEDING) WITHOUT
20        ALSO FINDING THE ULTIMATE FACT (IMPLIED MALICE).  THE
          INSTRUCTION HAD A SUBSTANCIAL AND INJURIOUS EFFECT ON THE
21        VERDICT.

22      The trial court instructed the jury it could find petitioner guilty of

23  second degree murder based on implied malice if it found "The killing resulted

24  from an intentional act, (which the incident was an accident), and the natural

25  consequences of the act are dangerous to human life" (Ct. 305 [CALJIC 8.11].)

26  The trial court also instructed the jury "a violation of the basic speed law

27  is the commission of an act inherently dangerous to human life" (Ct.313

28  [CALJIC 8 95].  The appellate court found the second instruction was an

                                -2-

1    unconstitutional mandatory presumption. The prosecution must prove every ele-

2    ment of an offense beyond a reasonable doubt. (In re Winship (1970) 397 U.S.

3    358, 364,.) However, an instruction which advises the jury to find that an

4    element of an offense is established upon proof of another fact is unconstitu-

5    tional because it conflicts with the presumption of innocence and relieves the

6    prosecution of its burden of proving all elements of the offense beyond a rea-

7    sonable doubt. (Carella v. California (1989) 491 U.S. 263, 265.) A conclus-

8    ive presumption "removes the presumed element from the case once the state has

9    proved the predicate facts giving rise to the presumption". (Francis v.

10   Franklin (1985) 471 U.S. 307, 314, fn. 2.) The presumed fact (speeding) was

11   found without finding the ultimate fact (Implide Malice)). This was substanti-

12   al and had an injurious effect on the verdict, it warrants habeas relief.

13   Sims v. Brown, 425 F. 3d 560, 571 (9th Cir. 2005); Shackleford v. Hubbard, 234

14   F. 3d 1072, 1075-79 (9th Cir. 2000).

15        The issue petitioner is raising comes before  the Second District Court

16   of Appeal in People v. Vanegas (2004) 115 Cal. App. 4th 592 (Vanegas). There,

17   the conviction of a defendant who was found guilty of second degree murder,

18   driving under the influnce of alcohol and causing great bodily injury, and dri-

19   ving with 0.08 blood-alcohol level and causing great bodily injury,  was rever-

20   sed. The court found that the instruction that a violation of the basic speed

21   law is the commission of an act inherently dangerous to human life created an

22   impermissible mandatory presumption which withdrew the element of implied malice

23   from the jury's consideration of the second degree murder charge (id. at p. 602)

24   and "subverted the presumption of innocence accorded to accused persons and also

25   invaded the truth-finding task assigned        solely to juries in criminal

26   cases "(Id. at p. 599.) The jury in the instant case was similarly  instructed,

27   resulting in the same error which was prejudicial in Vanegas.

28        The error the Respondent identified cannot be considered harmless unless

-3-

1  the predicate fact relied upon in the instruction, or other facts necessarily

2  found by the jury, "are so closely related to the ultimate facts to be presu-

3  med no rational jury could find those facts without also finding finding that

4  ultimate fact, making those findings functionaly equivalent to finding the ele-

5  ment required to be presumed." (Sullivan v. Louisiana (1993) 508 U S 275, 281,

6  citation omitted.)  In this case, the only way to find the error harmless would

7  be to conclude that no jury could find that Mason was speeding without also

8  finding he acted in a manner which was inherently dangerous to human life. Put

9  another way, the error can only be deemed harmless if speeding in a vehicle can

10  be deemed to be the funcitional equivalent of implied malice.

11    A "narrow focus" is appropiate "because the terms of an erroneous presum-

12  ption tend to deter a jury from considering any evidence for the presumed fact

13  beyond the predicate evidence; indeed, to do so would be a waste of the jury's

14  time and contary to it's instructions." (Yates v. Evatt, supra, 500 U.S. at

15  p.406, fn. 10 [111 S. Ct. at p. 1894].)

16    The court of appeal did not correctly apply this test for prejudice.  It

17  failed  to address the first question, which is what evidence the jury reason-

18  ably would have considered in light of the presumption.  That is, "whether the

19  jury's verdict...rested on that evidence as well as on the presumption..." (Id.

20  at 407.)  Innstead, the court of appeals leapfrogged to the second question,

21  which is "whether the evidence was of such compelling force as to show beyond

22  a reasonable doubt that the presumption must have made no difference in reach-

23  ing the verdict obtained." (Ibid)  Thus, the court concluded all the evidence

24  of malice was so strong, "there is no realistic chance the petitioner was actu-

25  ally harmed by the error." (February 8, 2007 opinion p. 25)

26    Had the appellate court addressed the preliminary question, it would have

27  been compelled to reach a different conclusion as to prejudice.  In this case

28  the only fact the jury had to consider in deciding whether there was implied

-4-

1  malice was ~~was~~ Mason's act of speeding.  This error was substantial and had an

2  injurious effect on the verdict.  The erroneous presumption made it unneccess-

3  ary for the jury to consider running stop signs, while      unconscious,

4  Mason's driving history or his level of intoxication.  Thus,, the appellate

5  court's reliance on the strength of the prosecution  evidence (see opinion, pp.

6  24-25) was incorrect under Yates v. Evatt since the court failed to address the

7  preliminary question.  Since the jury was told speeding proves implied malice

8  by itself, it is unreasonable to conclude the jury would have necessarily con-

9  sidered the other evidence presented by the prosecution.  This was substantial

10  and had an injurious effect on the verdict.  Habeas relief and evidentary hear-

11  ing should be granted.

12                                III

13       THE STATE COURT'S DETERMINATION THAT SUFFICIENT EVIDENCE
         SUPPORTS THE JURY'S FINDING OF IMPLIED MALICE WAS AN UNREA-
14       SONABLE APPLICATION OF SUPREME COURT AUTHORITY.

15       Petitioner contends the evidence was insuffiicent to support the Implied

16  Malice element of the murder conviction.  Pet. at 6 & Ex. A at 15-24..  The

17  state court's determination that substantial evidence supported the jury's

18  finding of Implied Malice was an unreasonable application of Supreme Court

19  Authority.

20       "Implied Malice requires proof the accused acted deliberately with concious

21  disregard for life."  (People v. Watson (1981) 30 Cal. 3d 290, 296 ("Watson").)

22  In other words, the jury must find "the defendant actually appreciated the risk

23  involved, ie, a subjective standard.  [Citation]" (Id. at pp.296, 297.)

24       Relief should be granted because the evidence of implied malice did not

25  meet the substantial evidence standard.

26       "An essential of the due process guaranteed by the due Fourteenth Amendment

27  is that no person shall be made to suffer the onus of a criminal conviction

28  except upon sufficient proof-defined as evidence necessary to convince a trier

of fact beyon a reasonable doubt of the existence of every element of the

offense." (Jackson v. Virginia (1979) 433 U.S. 307,316 [61 L. Ed. 2d 560,

571, 99 S. Ct. 2781, 2787], citing to In re Winship (1970) 397 U.S. 358 [25

L. Ed. 2d 368, 90 S. Ct. 1068]; accord Sandstrom v. Montana (1979) 442 U.S.

510 [61 L. Ed. 2d. 39, 48, 99 S. Ct. 2454, 2457.)

Sufficiency of evidence is governed by one principle: the federal court

"must review the whole record to determine whether it dicloses substantial

evidence-that is, evidence which is reasonable, credible and of solid value-

such that a reasonable trier of fact could find the defendant guilty beyond

a reasonable doubt." (People v. Johnson (1980) 26 Cal. 3d 557, 578.)

"The critical word in the definition is 'subtantial;' it is a door which can

lead as readily to abuse as to practical or enlighten justice. ...the term

clearly implies that such evidence must be of ponderable, legal signifiance.

Obviously the word cannot be deemed synonymous with 'Any' evidence. It must..

actually be 'substantial' proof of the essentials which the law requires in a

particular case." (People v. Bassett (1968) 69 Cal. 2d 122, 138-139.)

Respondent disagrees, citing People v. Johnson, 26 Cal. 3d 557, 575-78

(1980), but only produces the portion of the case that favors her argument.

Respondent fails to recgonize that, "The court does not, however, limit it's

review to the evidence favorable to the respondent." As People v. Bassett,

supra, 69 Cal 2d 122, 70 Cal. Rptr. 193, 443 p. 2d 777, explained, "our task..

is twofold. First, we must resolve the issue in the light of the whole record

i.e., the the entire picture of the defendant put before the jury and may not

limit our appraisal to isolated bits of evidence selected by the respondent.

Second, we must judge whether the evidence of each of the essentialelement...

is substantial; it is not enough for the respondent simply to point to 'some'

evidence supporting the finding, for 'not every surface conflict of evidence

remains substantial in light of other facts.'" (69 Cal. 2d. at p. 138, 70 Cal

1  Rptr.at p.203, 443, p. 2d at 162 Cal. Rptr. 431, 26 Cal. 3d 557, People v.

2  Johnson, (Cal. 1980) p. 787.) (Fn. Omitted.)

3  Respondent fails to state Mr. Mason falling asleep at the wheel after

4  passing Homestead Rd. (Rt 1510, 1522, 1524,). Being unconcious he passed

5  through the next stop sign and woke up at the corner of Park and Riker

6  streets, only to see the Red BMW. (RT 1510, 1542, 1543.) This behavior

7  wasn't done "intentionally" but was a result of fatigue, and lack of sleep from

8  working. (Rt 1255, 1256, - 1507, 1509.) A driver falling asleep at the

9  wheel of a car, does not demonstrte a subjective appreciation of the risk en-

10  volved. (People v. Watson (1981) 30 Cal 3d 290, 296.) (Id. at pp. 296-297.)

11  Further, Respondent refers to Mr. Mason's driving history of 8 years

12  (1993 to 2001). This was presented to establish the Implied Malice element

13  necessary for a murder conviction. This evidence was insufficent to establish

14  the requisite element, and violated petitioner's due process rights. Mason's

15  ackowledgment s on cross examination, cited by respondent (see RPA page 10)

16  were nothing more than common=sense acknowledgments--what any other licensed

17  driver would acknowledge if asked the same questions. Similarly, Mason's

18  post accident conduct, which included calling 9-1-1, also has no bearing on

19  implied malice, nor does Mason's supposed, "attempt to avoid the conquences,"

20  after the harm was readily apparent. This showed he had a guilty conscience,

21  but cannot prove he was guilty of murder in addition to Vehicular Manslaugh-

22  ter. (People v. Anderson (1968) 70 Cal. 2d 15, 32 ["Cover up" activity

23  irrelevent to prove state of mind prior to or during killing].)

24  Respondent relies upon Mason's "driving history" as supporting a finding

25  of implied malice. (RPA 9.) She cites the cases of People v. Autry, 37 Cal.

26  App 4th 351, 358 (1995), and cases cited therein. As summerized in People v.

27  Talamantes, 11 Cal App 4th 968, 973 (1992), these cases have relied on all

28  of the following factors in upholding drunk driving murder convictions: (1) a

-7-

blood alcohol level above the .08 percent legal limit; (2) a pre-drinking

intent to drive, [Mason drunk after the accident (RPA 10, ln. 3-5]; (3) know-

ledge of the hazards of driving while intoxicated (Mason has never ~~participated~~ *participated*

in drinking driving or abuse programs); (4) highly dangerous driving.  The

bare fact of traffic-related convictions, however, without any evidence to

Mason's actual driving at the time, as proffered in the above cases, is mean-

ingless.  So too is the bare fact Mason suffered speeding convictions.  The

conquences of a speeding conviction do not parallel those of a drunk driving

conviction, i.e., mandatory participation in drinking driver and alcohol abuse

programs.  (CP. Brogno, supra, 202 Cal. App. 3d at 709 [drunk driving convic-

tion offers offender "wide array of criminal and civil disibilities...which

serve to underscore the dangers of driving under the influnce"].)  Similarly,

Mason's .19, not .23, blood alcohol level by itself was insufficent to estab-

lish implied malice.  (see People v. Watson (1981) 30 Cal. 3d 290, 300 [there

must be a "high probabilty" that death will result].)

There also is no merit respondent's contention that the Blanco Road acci-

dent could be infered to, by a "rational" jury, to have demonstrated implied

malice.  Mr. Mason was not at fault, nor was he charged with any wrong doing

in the 2001 Blanco Road accident..  (RT 1560-1562, 1565, 1569-1576.)  No

published case has ever cited the conduct of another driver ~ as revelant

to showing the petition'e**R**'s implied malice.  Respondent does not cite any

such cases.  The at-fault conduct revelant to prove implied malice has always

been that of the petitioner, not of a third party.  Further, the Blanco Road

incident, petitioner's  driving conduct consisted of driving straight without

crossing over the dividing line (see AOB 25), evidence which does not show a

conscious disregard for life.  There was also no evidence petitioner even knew

if the other driver had been driving under the influence of alcohol.

Now, in the two cases cited by respondent the substantial evidence consis-

-8-

1  ted of the following: People v. Autry (1995) 37 Cal. App. 4th 331; "four prior

2  drunk driving convictions, a .22 blood alcohol level, formal education of the

3  dangers of driving while intoxicated, admonishments from his probation officer

4  the morning of the accident not to drink and drive, and--during the accident

5  at issue--appeals from his passengers to stop driving lest they be killed, his

6  inability to keep his car in control, and three near collisions with other car

7  cars." (Id. at pp. 358-359.) Similarly, in People v. Talamantes (1992) 11 Cal

8  App. 4th 968 the evidence consisted of the defendant's .32 blood alchol level,

9  three empty beer cans on the front floorboard, formal education showing in-

10 juries and death caused by drunk drivers, and speeding in the predawn hours

11 without headlights. (Talamantes, supra, at p. 71)

12      In contrast, the implied malice showing in this case consisted of

13 evidence that petitioner was driving over the legal limit through a resident-

14 ial area, dosed off, and did not stop at three posted signs. There was no

15 evidence of any erratic or evasive driving on his part, and no near misses

16 with other cars or pedestrains in the street. Although petitioner had caused

17 one accident in the past, he did not do so because he was driving under the

18 influence. The alcohol related reckless driving convictions petitioner suff-

19 ered was not accompanied by erratic driving, speeding, almost causing an accid-

20 ent, or almost hitting a person or property. Rather, police noted he failed

21 to move his car through green lights.

22      The respondents evidence falls far short at proving petitioner "subjectiv-

23 ely knew his driving created a substantial risk to human life and consciously

24 disregarded that danger." ((Contreras, supra. at pp. 957.) Instead, the evi-

25 dence only demonstrated petitioner had been convicted of various vehicle code

26 violations, not once did that conduct "ultimately endanger other community

27 members...."(Ibid.) And as to the Blanco Road accident, there's only the prose-

28 cutors implied accusations (see e.g. RT 1590, 1605). but no proof that petit-

1  ioner's drinking or his driving was       the cause.  The evidence was undisput-

2  ed that the driver of the Blue Jeep caused the accident.

3      In sum, respondent's evidence of Conscious disregard for life was insuff-

4  icent.  Respondent has not proven to the contary.  "If the much stronger

5  facts [n (People v. Watson] were not necessarily sufficient to establish imp-

6  lied malice, neither are the facts in this case."  (People v. Venegas (2004)

7  115 Cal. 4th 592, 605 (Venegas.)  Accordingly, the state court unreasonably

8  applied Jackson in concluding that "substantial" evidence supported petition=

9  er's murder conviction.  Habeas relief and evidentary hearing should be granted

10  due to petitioner's Fourteenth Amendment due process right to be convicted by

11  evidence that proves guilt beyond a reasonable doubt..  The district has juris-

12  diction pursuant to 28 U.S.C. §2253.  (Juan v. Allen, 408 F. 3d 1262, 1275 (9th

13  Cir.).)

14                          ARGUMENT

15                            IV

16        ADMISSION OF EVIDENCE OF PETITION'ERS EXPERIENCE WITH
        DEADLY TRACIFFIC ACCIDENT AND DRIVING HISTORY DID VIO-
17      LATE HIS RIGHT TO DUE PROCESS AND PREJUDICED THE JURY.

18      Petitioner contends admission of evidence of the Blanco Road accident and

19  his prior traffic and accident history violated his right to due process be-

20  cause it was prejudical and irrelevant to the issue of the requisite subjective

21  knowledge element of Implied Malice       at 6 and Ex. A at 24-44.  The evidence

22  was irrelevant to establish petitioner's "Subjective Awareness," that is "his"

23  "knowledge-gained in the course of the "prior" misconduct-of the natural con-

24  sequnces, dangerous to life, of the reckless operation of a motor vehicle, and

25  of his pesistence in that behavior.  Thus evidencing a concious disregard for

26  the lives of others on the road.."  (People v. Ortiz (2003) 109 Cal. App. 4th,

27  104, 111-112; see CT 305 [CALJIC 8.11].

28      Due to the fact, Defendant was not accused of culpability in the Blanco

                            -10-

1    Road" incident, and there was no evidence that he drove in a manner that was

2    unsafe, "there is no lesson to be learned "first hand" when one's own conduct

3    does not cause the accident." (Cf. People v. Garcia (1995) 41 Cal. App. 4th

4    1832, 1850 [defendant learned "first hand" about the dangers of driving under

5    the influnce when was unable to keep his vehicle in his own lane and crossed

6    over the center, driving in the wrong lane for some distance and forcing a

7    number of vehicles off the roadway].)  The Blanco Road accident did not show,

8    as it should have, petitioner's prior misconduct and his persistant in that

9    behavior. (People v. Ortiz, supra, 109 Cal. App. 4th at p. 111.)  A "knowledge

10   per se" standard based on the driving of others erodes the subjective standard

11   necessary to a finding of implied malice.  It eliminates the vital factor of

12   the accused's own reckless behavior and "his" "persistence" in continuing that

13   behavior. [Ibid]

14       Since the Blanco Road evidence did not show petitioner's driving "sensitiz-

15   ed" him "to the dangerness of such life-threatning conduct," the evidence should

16   have been excluded. (Id. at pp. 112-113; see, e.g. McCarnes, supra, 179 Cal.

17   App. 3d at p. 535 [appreciation of risk shown through accused's "portenous

18   pattern of reckless, high-speed passing maneuvres on two-lane roads, involving

19   repeated and deliberate driving into oncoming traffic"].)

20       The respondent fails to address the inflamatory nature of the Blanco Road

21   evidence and the prosecutor's use of it as improper character evidence. (Points

22   and Authorities page 11-12, lines 23-28 & 1-3). "Evidence of prior bad acts,

23   which the Blanco Road was not, "must possess some" precise elements of similarity

24   between the offenses," petitioner committed no ofdense in the Blanco Road inci-

25   dent, with respect to the issue for which the evidence is proffered." (People

26   v. Thompson (1980) 27 Cal. 3d 303.)

27       Federal heabeas relief and evidentary hearing should be granted because,

28   "the admission of the (Blanco Road) evidence rendered the trial so fundametally

-11-

1  unfair it violated due process." Id "There are no permissaible inferences the

2  jury could draw from the evidence.  Jammal v. Van de Camp, 926 F. 2d 918 (9th

3  Cir. (1991).  "An important element of a fair trial is that a jury consider

4  only relevent and competent evidence bearing on the issue of guilt or innoc-

5  ence." (Bruton v. United States (1968) 391 U.S. 123, 131, fn 6.)  In McKinney

6  v. Reeves (9th Cir. 1993) 993 F. 2d 1378 the Ninth Circuit Court of Appeals

7  held the introduction of evidence of "other bad acts" was irrelevant to any

8  consequential fact and therefore violated the Due Process Clause.

9      In McKinney the federal court of appeals held evidence the defendant poss-

10  essed knives unrelated to the charged murder was irrelevant to any fact of con-

11  sequence in the case.  Its sole relevance was based on propensity:  Mckinney

12  was  the likely knife – murderer because he liked knives.  (Id at pp. 1382 –

13  1383

14          It served to prey on the emotions of the jury, to lead them
            to mistrust McKinney, and to believe more easily that he was
15          the type of son who would kill his Mother in her sleep with-
            out much apparent motive.  (Id. at p. 1385)
16

17      Since the jury could draw no permissible inferences from this evidence,

18  and the evidence was emitionally charged, the McKinney court ruled its admiss-

19  ion violated the Due Process Clause under the circumstances of that case. (Id

20  at pp. 1385–1386.)

21      Similarly here, the jury could draw no permissible inferences from the

22  Blanco Road evidence and thus its admission equally violated due process.  That

23  evidence was used to lead the jury to draw an impermissible inference, that

24  Mason had a propensity to drive when drunk.  The evidence "served only to prey

25  on the emotions of the jury." (Ibid)  Thus, here as in McKinney v. Reeves ad-

26  mission of this challenged evidence violated the Due Process Clause. (Id. at pp.

27  1385–1386.)  Without a restriction on the jury's use of that evidence, the proc-

28  secutor could – and did – argue that the jury could infer the charged offenses

were committed by petitioner because he had the propensity to commit such

offenses. Rt 1670.) The Evidence depicted him as a selfish, callous, and in-

sensitive man who contrived defenses.. The jury likely used this evidence to

convict petitioner of the murder charges because petitioner was a bad person

who drank and drove, causing multiple deaths, and then contrived excuses for

his drinking. The Blanco Road evidence deprived petitioner of a fundamentally

fair trial, guaranteed under the Due Process Clause. (Estelle v. McGuire

(1991) 502 U.S. 62 .

In "Ortiz," "A jury is entitled to infer that regardless of the mental

state or condition that accompanies an instance of reckless driving - whether

intoxication, rage, or wilful irresponsibility - the driver's subsequent app-

rehension and prosecution for that conduct must impart knowledge and understan-

ing of the personal and social consequences of such behavior. (Id. at 115.)

Thus, contrary to respondent's assertions, Ortiz demonstrates it is evid-

ence of the accused's conduct. not that of a third party, that is relevant.

The Blanco Road accident evidence was not relevant to the petitioner's subjec-

tive awareness of the dangerousness of his reckless driving, due to the fact

that  he did not drive recklessly, nor cause the accident. There by the only

knowledge attained could be that an accident can happen in the lawful operation

of a vehicle on a public road and that even then a tragidy can occur. There-

fore, the Blanco Road evidence was irrelevant to petitioner's state of mind

and was prejudical  and violated the Due Process Clause.

There must nevertheless be common features between the charged and uncharg-

ed offenses,  which indicate the existance of a plan. and not merely a series

of spontaneous acts. Ewoltd, supra, at 7 Cal. 4th 402-3. Further. to permit

the introduction of evidence of uncharged offenses for the purpose demonstrat-

ing a common design or plan by petitioner, the evidence of the uncharged

alleged misconduct:....must demonstrate 'not merely a similarity in the results,

common features
1  but such a concurrence of xxxxxxxx/that the various acts are
plan
2  naturally to be explained as caused by a general/of which they are the indivi-

3  dual manifestations,' Ewoltd, supra, at 7 Cal. 4th 402 [quoting 2 Wigmore,

4  Evidence (Chadbourn rev. ed. 1979) section 304 p. 249].   The Evidence must

5  demonstrate more than "a similarity in the results." People v. Balcom (1994)

6  7 Cal. 4th 414, 424.

7      While a lesser degree of similarity is required for other crimes evidence

8  to be admissible on the issue of intent, Respondent sites Williams v. Stewart,

9  441 F. 3d 1030, 1040 (9th Cir. 2006) Evidence admissible to show intent, there

10  must still be sufficient similarity "to support the inference that the petit-

11  ioner" probably harbored the same intent in each instance." Ewolt, supra, 7

12  Cal 4th 402. (Emphsis supplied.)  Simply put, "where evidence of petitioner's

13  intent in a criminal episode is introduced to prove that he harbored a similiar

14  Intent in the currently charged crime, the desired inference is only as strong

15  as the crimes are similar." People v. Harvey (1984) 163 Cal. App. 3d 90, 104.

16  Mr. Mason's alleged prior acts do not evidence that he harbored the same intent

17  in the Blanco Road accident, as is alleged to have had during the offense he

18  was convicted of.  As stated above, several disimilarities exixt between the

19  convicted offense and the prior acts.  In fact, since Mr. Mason did not flee in

20  the sense that he tried to get away from law-enforcement  —   he did not have

21  a cell phone and ran to his home, one block away, and called County Communica-

22  tions, (911), at 12:07 P.M. to report the accident.  He fully identified him-

23  self and was readily and immediately locatable.  Clearly, the sole purpose of

24  introducing the evidence of the Blanco Road and the collision with John Jones

25  was to create the improper inference that Mr. Mason was involved in multiple

26  accidents, whether his fault or not, so he must be guilty of the crimes he's

27  convicted of.  These accidents were not relevant to the case/was procusecuted
he

28  for.  Respondent contends that a limiting instruction was given in the use of

-14-

1  uncharged crimes evidence, but fail to site from the Record (Rt), where this

2  instruction was given. Respondent's failure to address this issue is a con-

3  cession on the merits. (People v. Bouzos (1991) 53 Cal. 3d 467, 480.)

4  Accordingly, it's admission did violate petition's right to due process. The

5  evidence was misleading and likelihood was great that the jury would consider

6  the evidence of the other alleged incident's or actions, not for any limited

7  or proper purpose, but for the proposition that Mr. Mason is a menace  deserv-

8  ing of prison. There is no reasonable possibility that a jury would not con-

9  sider such evidence as "disposition" evidence. By introducing evidence of

10 other alleged incidents, the prosecution wanted to paint Mr. Mason as a bad

11 person, deserving of punishment for reasons other than, or in addition to, the

12 offense he was convicted of. The jury was thus misled into convicting Mr.

13 Mason despite weakness as to the evidence against him in the instant case.

14 Since no cautionary instruction was given, it cannot be presumed the jury

15 would use this evidence with caution or in a limited fashion. (United States

16 v. McCormac, 309 F. 3d 623, 626 (9th Cir. 2002) (noting that "juries are pre-

17 sumed to heed cautionary instructions".)

18    Evidence of petitioner's prior accident and traffic convictions created an

19 unreasonable inference that he knew unsafe driving endangered human life. It's

20 admission violated petitioner's right to due process. Habeas relief and evid-

21 entary hearing should be granted.

22                                    V

23        PETITIONER WAS PREJUDICED BY COUNCEL'S FAILURE  TO
          REQUEST A LIMITING INSTRUCTION REGARDING THE UNCHARGED
24        INCIDENT. (THE BLANCO ROAD EVIDENCE).
          THIS WAS AN UNREASONABLE APPLICATION OF SUPREME COURT
25        AUTHORITY AND INEFFECTIVE ASSISTANCE OF COUNSEL.

26    Respondent argues that petitioner was not prejudiced by his attorney not

27 requesting a limiting instruction on the Blanco Road Evidence. This  is un-

28 true. The petitioner was/only prejudiced by the lack of a limiting instrucing

                                   -15-

1    on the Blanco Road evidence, but it's admission to the case in chief was more

2    prejudical than probative. Without any limithing instruction as to the jury's

3    use of the Blanco Road evidence, the prosecutor was free to argue propensity

4    to the jury, i.e., that petitioner had (1) committed criminal conduct of this

5    nature in past, (2) had gotten away with it at that time, and (3) should not

6    be allowed to get away with it again." Mr. Mason has claimed that before....

7    the defendanthas been in a similar situation." (RT 1590.)  In other words, she

8    generalized the details of the Blanco Road accident "into bad character and

9    took that as raising the odds that petitioner did the later bad act now charg-

10   ed." (Old Chief v. United States (1997) 519 U S  172, 180-181 [117 S. Ct. 644;

11   136 L. Ed. 2d 574]("Old Chief").)  Thus, after the prosecutor elicited the

12   Blanco Road evidence, the jury would naturally use the evidence as improper

13   character evidence, just as the prosecutored urged them to do.

14          And I submit to you, Mr. Mason has claimed that before and
            the People put on evidence for this jury to show that the
15          defendant has been in a similar situation, has been in an
            accident in which law enforcement was going to be there,
16          were going to come out and he has left the scene. And when
            returning to have contact with law enforcement, that was
17          most certain as far as his involvement in that accident,
            he needed an explanation as to what would be physical symp-
18          tons of being under the influence.(RT. 1590)

19          The defendant got the heck out of there a lot sooner than
            what he claims to be a twenty-minute wait when no one was
20          around. He got out of there a lot sooner than that. [Par]
            Gentlemen, as evidence of what is a very Selfish and Cowardly
21          man, a selfish and cowardly man, who cares about one person only,
            and that's himself, who leaves people in a car hurt and dying.
22          doesn't care about anybody but himself. And he intentiona-
            lly commits acts that are dangerous to other people because
23          he doesn't care about anyone but himself. He disregards
            that danger to other people, disregards it. (RT 1636-1637)

24

25         As is evident from her summation, the prosecutor submitted the Blanco

26   Road evidence under the "guise of impeachment" (People v. Zambrano (2004) 124

27   Cal. App. 4th 228, 293) in order to bring propensity evidence before the jury,

28   even though it was undisputed the driver of the jeep had caused the accident.

1  The prosecutor's questions only served to imply petitioner knew he had been

2  drinking and driving and caused the Blanco Road accident.  Thus, after hearing

3  this evidence and the Prosecutor's summation, it was inevitable the jury would

4  "Convict petitioner for crimes other than those charged--or, that, uncertain

5  of guilt,...convict any way because a bad person deserves punishment." (United

6  States v. Moccia (1st Cir. 1982) 681 F. 2d 61, 63.)

7      Even after petitioner's counsel heard this evidence and the prosecution's

8  summation, he failed to ask for a limiting instruction on the Blanco Road evi-

9  dence.  This was highly prejudicial and an unreasonable application of Supreme

10  Court Authority."  Trial Counsel's performance fell below the objective stand-

11  ard of reasonableness and thereby prejudiced the defense of petitioner.
    Yarborough.

12  X̶Y̶a̶r̶b̶o̶r̶o̶u̶g̶h̶ v. Gentry, 540 U.S. 1, 6 (2003).)  Trial Counsel, during closing

13  a̶r̶g̶u̶m̶e̶n̶t̶s̶, argued the Blanco Road evidence should not be used by the jury to

14  convict Petitioner because of his propensity for these type crimes.

15          And the prosecutor tried to paint him into a corner using
            that, not to show there is particular knowledge, just to
16          kind of paint this with a broad brush, well, here's
            another situation where he drove, drank and drove.  You
17          can't do that.  That's not right.  That's not fair.
            That's not a situation where you can draw those kinds
18          of implications here. (RT 1101)

19  Rather than argue about the relevance of this evidence, Trial Counsel

20  should have asked for an instruction limiting consideration of evidence of

21  other bad acts.  Given his closing argument, Trial counsel had no rational

22  tactical purpose for failing to seek a limiting instruction.  This failure

23  constituted ineffective assistance of counsel.  The failure to ask for an in-

24  struction limiting the jury's consideration of highly prejudicial evidence

25  consituted ineffective assistance of counsel.  (See United States v. Myers

26  (7th Cir. 1990) 892 F.2d 642, 648-649; see also Gray v. Linn (5th Cir.  1993)

27  6 F. 3d 265, 268-269 [Counsel provided ineffective assistance in failing

28  to object to errenous instruction concerning elments of attempted murder];

1    Kubat v. Thieret (7th Cir. 1989) 867 F. 2d 351, 869-871 [death penalty revers-

2    ed due to counsel's failure to object to erroneous penalty phase instruction].)

3    The bench mark for judging any claim of ineffectiveness of counsel must be

4    whether counsel's conductso undermined proper functioning of adversarial

5    process that trial cannot be relied on as having produced a just result.

6    (Strickland v. Washington 466 U.S. 688, 686 (1984.)  The Trial Counsel's in-

7    adequate representation did prejudice petitioner and "fell below an objective

8    standard of reasonableness." (Id. at 688).  It is a "reasonable probility

9    that, but for trial counsel's unprofessional errors, the result of the proceed-

10   ings would have been different." (Id. at 694.)  By not requesting a limiting

11   motion on the "Blanco Road" evidence it is a reasonable inference the jury

12   used this evidence to convict the petitioner because they believed him to be

13   a person of bad character, even though he was not charged, tried, nor convicted

14   of any wrong doing.  In the trial court's admission of this uncharged, highly

15   prejudicial incident, the trial court allowed the jury to infer erroneously

16   and trial counsel's unreasonable, inadequate represation by not requesting a

17   limiting instruction on the "Blanco Road" evidence, prejudiced petitioner in

18   the eyes of the jury.  "Since fundamental fairness is central concern of writ

19   of habeas corpus, no special standards ought to apply to claims of ineffective

20   assistance of counsel made in habeas proceedings." (Strickland v. Washington

21   466 U.S. 688, 686 (1994).)  Accordingly, relief should be granted and evident-

22   ary hearing, due to petitioner's prejudice suffered, counsel's ineffectiveness,

23   and his and the trial court's unreasonable application of Supreme Court Author-

24   ity.

25

26

27

28

## VERIFICATION

### (C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _Shavougue A. Mason_ , declare under the penalty of perjury that:

I am the _Petitioner_ in the attached matter; I have read the foregoing document(s) and know the contents thereof; that the same is true of my own personal knowledge, and if called to testify as to the contents thereof, I could do so competently as a sworn witness.

Executed this _18th_ day of _May_ , 20 _08_ , at Kern Valley State Prison, Delano, CA. 93216-5101.

_____
Declarant

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DECLARATION OF SERVICE BY MAIL

### (C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

I, _Shavougue A. Mason_ , declare: That I am a resident of Kern Valley State Prison, Delano, California; I am over the age of 18 years; ( [] I am / [] I am not ) a party to the above entitled action; My address is P.O. Box 5101, Delano, California 93216-5101. I served the attached document(s) entitled; _Traverse and Points and Authorities in Support of Traverse_

On the persons/parties specified below by placing a true copy of said document(s) into a sealed envelope with the appropriate postage affixed thereto and placing said envelope(s) into the United States Mail in a deposit box provided for at the Kern Valley State Prison, Delano, California, addressed as follows: _Office of the Clerk, U.S. District Court_
_Northern District of California_
_1301 Clay St., Suite 400S_
_Oakland, CA. 94612-5212_

There is First Class mail delivery service by the United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _18th_ day of _May_ , 20 _08_ , at Kern Valley State Prison, Delano, Califrnia 93216-5101.

_____
Declarant

Shavonsue Mason
V80244/ Fac #-B-5-110"
K.V.S.P./ P.O. Box 5101
Delano, CA. 93216

KVSP LEGAL M

Confidential
Legal Mail

ATTN: Richard W. Wieking
Office of the Clerk, U.S. District Court
Northern District of California
1301 Clay St., Suite 400S
Oakland, CA. 94612-5212




$01.510
02 1A
0004604192
MAILED FROM ZIP CODE 93215
UNITED STATES POSTAGE
MAY 19 2008
PITNEY BOWES